IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MATTHEW KEYSER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:23-cv-00066 |
| | ) JUDGE CAMPBELL |
| EARNEST (EARNIE) ESTRADA and SUZAN ESTRADA, | ) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) |

**MEMORANDUM and ORDER**

Pending before the Court is Plaintiff Matthew Keyser's Motion to Dismiss and Remand. (Doc. No. 12). Defendants Earnest Estrada and Suzan Estrada filed a memorandum in opposition (Doc. No. 15), and Plaintiff filed a reply (Doc. No. 17).

Plaintiff moves to dismiss and remand the case to Chancery Court for Maury County, Tennessee, based on a forum-selection clause in the contract, which Plaintiff contends requires claims to be brought only in Tennessee state courts. (Doc. No. 12 (citing Contract, Doc. No. 1-1 at ¶ 15C)). Plaintiff argues that by agreeing to the forum-selection clause in the contract Defendants "waived the possibility of jurisdiction by this Court" and waived their right to remove the case from state court to federal court. (*See* Doc. No. 12 at 1). Plaintiff requests the Court award reasonable attorney's fees related to the removal.

Defendants argue Plaintiff has not properly requested that the Court remand the matter to state court because Plaintiff moves under Federal Rule of Civil Procedure 12(b)(2) rather than under 28 U.S.C. § 1447. Defendants argue that because Plaintiff relies on lack of personal jurisdiction

1

rather than improper venue or forum the motion must be denied. Finally, Defendants argue the venue provision in the contract is vague and unenforceable.

A.  **Personal Jurisdiction**

Plaintiff argues that the forum selection clause in the contract precludes the Defendants from submitting to the personal jurisdiction of this Court. In support of this argument, Plaintiff relies upon the language of the venue provision of the contract and Tennessee and Sixth Circuit law concerning the enforceability of forum-selection clauses. Of these, the only case specifically addressing personal jurisdiction is *Stone Surgical, LLC v. Stryker Corp.*, 858 F.3d 383 (6th Cir. 2017).

In *Stone Surgical*, the Court held that the defendant waived his right to challenge the court's personal jurisdiction over him because he consented to jurisdiction in that state through a forum-selection clause that specified that any dispute arising out of the agreement "must be brought in a Michigan court – state or federal." *Id*. at 388. While *Stone Surgical* stands for the proposition that a party to a forum-selection clause may waive the right to contest personal jurisdiction in the designated forum, it does not support Plaintiff's argument that the Court cannot assert personal jurisdiction over the Defendants.

Defendants argue that the court "clearly" has personal jurisdiction over them. (*See* Doc. No. 15 at 2). Because Defendants do not themselves raise lack of personal jurisdiction as a defense and the Court is not aware of any authority supporting the proposition that lack of personal jurisdiction can be raised by anyone other than the party themselves, the motion to dismiss for lack of personal jurisdiction over Defendants will be **DENIED**.

B.  **Waiver of Removal**

The gravamen of Plaintiff's motion is not that Defendant's waived their right to submit to the personal jurisdiction in Tennessee, but that they waived their right to remove the case from state

to federal court. (*See* Doc. No. 12 at 1, ¶ 5). "The right of removal of a suit from state court to federal court is a statutory right." *Regis Assocs. v. Rank Hotels (Mgmt.), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441)). "Although the right to remove can be waived, … such waiver must be clear and unequivocal." *Id.*; *see also Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009). Neither party has addressed the legal standard for waiver of the right to remove or its application to the forum-selection clause at issue.

Accordingly, on or before December 8, 2023, the parties may file supplemental memoranda of no more than seven (7) pages addressing the applicable legal standard – specifically whether the forum-selection clause in the agreement is a "clear and unequivocal" waiver of the statutory right to remove as contemplated in *Regis*.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE