IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MATTHEW KEYSER, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 1:23-cv-00066 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| EARNEST (EARNIE) ESTRADA and SUZAN ESTRADA, | ) MAGISTRATE JUDGE HOLMES ) ) |
| Defendants. | ) ) |

**MEMORANDUM and ORDER**

Pending before the Court is Plaintiff Matthew Keyser's Motion to Dismiss and Remand. (Doc. No. 12). Defendants Earnest Estrada and Suzan Estrada filed a memorandum in opposition (Doc. No. 15), and Plaintiff filed a reply (Doc. No. 17). The Court Ordered the parties to file supplemental memoranda addressing the legal standard for waiver of the right of removal (Doc. No. 20), which they have done (Doc. Nos. 21, 22).

For the reasons stated, Plaintiff's Motion to Dismiss and Remand (Doc. Nos. 12, 21) is **DENIED**.

**I. BACKGROUND**

On August 23, 2023, Plaintiff filed a complaint against Defendants in Chancery Court for Maury County, Tennessee, bringing claims for breach of a contract to purchase real estate. (Doc. No. 1-1). Defendants removed the case to this Court on September 27, 2023. (Doc. No. 1).

Plaintiff moves to remand the case to Chancery Court for Maury County, Tennessee, based on a venue provision in the contract, which Plaintiff contends requires claims to be brought only in

1

Tennessee state courts and waives the right to removal claims to federal court. (Doc. No. 12 (citing Contract, Doc. No. 1-1 at ¶ 15C)). The venue clause in the contract provides:

> **Governing Law and Venue.** This Agreement is intended as a contract for the purchase and sale of real property and shall be governed by and interpreted in accordance with the laws and in the courts of the State of Tennessee.

Plaintiff argues the use of "shall" in this provision is unambiguous and mandates remand. Defendants do not dispute the mandatory nature of the word "shall," but argue that the requirements of the provision do not clearly mandate litigation only in state court and in any event do not manifest a clear and unequivocal waiver of the right of removal. Defendants argue that the parties could have clearly specified a restriction to state courts in Tennessee and could have clearly stated that removal to federal court was waived. Because they did not, Defendants assert there is no clear and unequivocal waiver of the right of removal and Plaintiff's motion to remand should be denied.

## II. ANALYSIS

"The right of removal of a suit from state court to federal court is a statutory right." *Regis Assocs. v. Rank Hotels (Mgmt.), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441)). "Although the right to remove can be waived, … such waiver must be clear and unequivocal." *Id.*; *see also Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009). "In determining what constitutes a 'clear and unequivocal' intent to waive a right to remove, the Sixth Circuit has held that '[a] clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal.'" *Integrated Design Eng'g & Analysis Servs., Inc. v. Giddy Holdings, Inc.*, 2020 WL 4812720, at *2 (N.D. Ohio, Aug. 19, 2020) (quoting *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008)).

The Sixth Circuit has consistently found no effective waiver of the right to remove even when a contract or venue provision clearly specifies a state court forum. For example, in *Cadle Co.*,

2

the Sixth Circuit held that a forum selection clause that specified "All disputes … shall be resolved in the Newton Falls, Ohio Municipal Court or the Trumbull County, Ohio Common Pleas Court, depending on the amount in controversy, and shall be resolved pursuant to the laws of the State of Ohio" was not a "clear an unequivocal waiver" of the defendant's right to remove the case to federal court despite the use of "shall" and the specification of state courts. *Id*. at 888.

The venue provision at issue here is even less specific that that in *Cadle Co.* The use of the word "shall" does nothing to advance Plaintiff's argument that the forum selection clause was a clear and unequivocal waiver of the right of removal to federal court. As in *Cadle*, the venue provision neither mentions removal nor sets forth an explicit waiver of that right by the defendant. Moreover, the provision fails to specify the courts in Tennessee in which Plaintiff alleges the case would be required to be heard and decided. If the specific listing of the state courts in *Cadle* was insufficiently clear and unequivocal, then this agreement's requirement that the agreement "shall be interpreted in accordance with the laws and in the courts of the State of Tennessee" cannot be sufficient to show a clear and unequivocal waiver of the right of removal.

### III. CONCLUSION

For the reasons stated herein and in the Court's November 29, 2023 Memorandum and Order (Doc. No. 20), Plaintiff's Motion to Dismiss and Remand (Doc. Nos. 12, 21) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE